UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CLAYVION CLEVER WINN, <br><br> Plaintiff, <br><br> v. <br><br> MACOMB TOWNSHIP, et al., <br><br> Defendants. | Case No. 24-cv-12258 <br><br> Honorable Robert J. White |

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING THE COMPLAINT**

Before the Court is *pro se* plaintiff Clayvion Clever Winn's application to proceed in forma pauperis. (ECF No. 2). For the following reasons, the Court shall (1) grant the application and allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint.

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28.

To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted).

Winn asks the Court to stay his ongoing criminal case in state district court and issue a "writ of review" to remedy the federal and state constitutional defects in that proceeding. (ECF No. 1, PageID.1, 23-25). But his claims cannot surmount the abstention doctrine first enunciated in *Younger v. Harris*, 401 U.S. 37 (1971).

In *Younger*, the United States Supreme Court held that, absent extraordinary circumstances, a federal court may not enjoin pending state criminal prosecutions. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989). This class of abstention stems "from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." *Younger*, 401 U.S. at 44.

2

*Younger* abstention is required when there is (1) an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceeding to raise constitutional challenges. *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017); *see also Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (observing that *Younger* abstention is "required . . . [w]hen there is a parallel, pending state criminal proceeding"). "Absent bad faith, harassment or any other unusual circumstance, federal-court abstention is appropriate where a plaintiff invokes federal jurisdiction as a basis for obtaining injunctive relief against state-court criminal proceedings." *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006) (cleaned up).

All three *Younger* elements are apparent in this case. Winn alleges that he is being prosecuted for operating a vehicle while intoxicated in Michigan's 41A District Court.[1] *Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013). It is well-established that state criminal proceedings involve important state interests. *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *see also Gonnella v. Johnson*, 115 F. App'x 770, 771 (6th Cir. 2001). And Winn fails to carry his burden of plausibly alleging that the state criminal case, as well any state post-conviction

---

[1] The docket sheet for the state criminal case is located at 41A District Court, MiCOURT Case Search, *Township of Macomb v. Winn*, Case No. 2023-24-900-OD-OD, https://micourt.courts.michigan.gov/case-search/court/ D41A (last visited Sep. 16, 2024). *See Clark v. Stone*, 998 F.3d 287, 297 n.4 (6th Cir. 2021) ("Courts may take judicial notice of the proceedings of other courts of record.").

procedures, do not afford sufficient opportunities to raise constitutional challenges. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (holding that the third *Younger* prong is satisfied when there is "no reason to question [the state court's] ability or willingness to address . . . constitutional questions."); *see also Meyers v. Franklin County Court of Common Pleas*, 23 F. App'x 201, 205 (6th Cir. 2001) (holding that "the burden of establishing the inadequacy of the state courts rests on the plaintiff.").

Nor does Winn assert that Michigan's operating-while-intoxicated statute, Mich. Comp. Laws § 257.625, is flagrantly unconstitutional or that defendants engaged in "a pattern of bad faith prosecution and harassment against him." *Doe v. Univ. of Ky.*, 860 F.3d 365, 371 (6th Cir. 2017). So none of the recognized exceptions to *Younger* abstention apply. *See id.*; *Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996) (listing the *Younger* exceptions as "bad faith, harassment, or flagrant unconstitutionality.").

Insofar as Winn specifically maintains that his state criminal case violates the Michigan State Constitution and the procedural due process guarantees in the federal constitution, that officers arrested him pursuant to an invalid warrant, subjected him

4

to an unconsented blood draw, and that they unlawfully impounded the vehicle he was driving after arresting him, the *Younger* abstention doctrine precludes consideration of all these claims.[2] *See, e.g., Tast v. Dean*, 182 F. App'x 748, 750 (10th Cir. 2006) (finding that *Younger* precludes a federal court from considering a claim that "require[s] interpreting the state constitution and state statutes."); *Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir. 1990) (affirming dismissal of complaint on *Younger* grounds where the plaintiff was "attempting to obtain federal review of state court procedures in a criminal case before the state court . . . had the opportunity to decide them finally."); *Alonzo R. Wkly. v. Elkhart Cnty. Sheriff's Office*, No. 23-118, 2024 U.S. Dist. LEXIS 67946, at *6 (N.D. Ind. Apr. 12, 2024) (*Younger* precludes consideration of claim regarding "allegedly warrantless blood draw."); *Tucker v. Hillock*, No. 23-P329, 2023 U.S. Dist. LEXIS 208393, at *4-6 (W.D. Ky. Nov. 20, 2023) (holding that *Younger* bars decision on the validity of an unconsented blood draw resulting in criminal charge for DUI); *Corbin v. Hacklar*, No. 22-3406, 2022 U.S. Dist. LEXIS 228384, at *21-23 (E.D. Pa. Dec. 20, 2022) (same); *Ford v. Brookins*, No. 18-61751, 2019 U.S. Dist. LEXIS 66694, at *5 (S.D. Fla. Apr. 18,

---

[2] Winn asserts more generally that the Macomb County Sheriff's Department violated the Fifth, Sixth, Eleventh and Thirteenth Amendments to the United States Constitution without explaining how the department contravened those provisions. (ECF No. 1, PageID.3). These claims are dismissed because they are "vague, conclusory, and contain[ ] no factual allegations or legal theories upon which a valid federal claim may rest." *Hammons v. Cuyahoga Child Enforcement Agency*, 66 F. App'x 623, 624 (6th Cir. 2003).

2019) (ruling that *Younger* bars federal review of "the impoundment and search of Plaintiff's vehicle" because it "could interfere with the results reached in the state court case."); *Powell v. Indiana*, No. 12-126, 2012 U.S. Dist. LEXIS 137037, at *7-8 (N.D. Ind. Sep. 25, 2012) (same); *Palacios v. City of Chicago*, No. 07-4568, 2008 U.S. Dist. LEXIS 13985, at *7-14 (N.D. Ill. Feb. 20, 2008) (same).

Winn's abuse of process and intentional infliction of emotional distress claims also warrant special mention because they are the only causes of action seeking money damages as opposed to some form of equitable relief. But since those two claims are premised upon the theory that Winn is exempt from Michigan's criminal laws as a sovereign citizen they must be dismissed as frivolous. (ECF No. 1, PageID.5, 7. 9). *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Payne v. Klida*, No. 15-14127, 2016 U.S. Dist. LEXIS 14968, at *9 (E.D. Mich. Jan. 6, 2016) *adopted by* 2016 U.S. Dist. LEXIS 14649 (E.D. Mich. Feb. 8, 2016) (holding that the plaintiff's "claim that he is not subject to the laws of the state of Michigan because of some distinction between corporate personhood and actual personhood is totally spurious, unfounded, and frivolous."); *Colar v. Heyns*, No. 12-1269, 2013 U.S. Dist. LEXIS 4316, at *10 (W.D. Mich. Jan. 11, 2013) (noting that "the fundamental belief of the sovereign-citizen movement [is] that the government lacks the authority to govern them").

The last open question is whether to dismiss the case or stay it pending the state criminal proceedings' resolution. "[F]ederal courts have the power to dismiss

or remand cases based on abstention principles *only* where the relief being sought is equitable or otherwise discretionary." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 731(1996) (emphasis added); *see also Nimer*, 707 F.3d at 702. On the other hand, courts must stay a "federal lawsuit" seeking monetary relief "to protect against the possibility that [plaintiffs] could be deprived of the opportunity to present the merits of [their] damages claims in state court." *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075-76 (6th Cir. 1998); *see also Doe*, 860 F.3d at 372.

Because the only claims seeking monetary relief are being dismissed as frivolous, and the remaining claims subject to *Younger* abstention are equitable in nature, dismissal of the entire complaint is appropriate. *See, e.g., Deakins v. Monaghan*, 484 U.S. 193, 204 (1988) (allowing for stay of money damages claims under *Younger* abstention doctrine when there is "*no question* that respondents have alleged injuries under federal law sufficient to justify the District Court's retention of jurisdiction.") (emphasis added); *Boyd v. Farrin*, 575 F. App'x 517, 519-20 (5th Cir. 2014) (holding that staying the case under *Younger* abstention "is not required where the district court determines that the claim for damages is frivolous under 28 U.S.C. § 1915."); *Cassell v. Osborn*, Nos. 93-1557, 93-1607, 93-2079, 1994 U.S. App. LEXIS 8991, at *11 (1st Cir. Apr. 26, 1994) (affirming dismissal of damages claims under *Younger* abstention because "[t]he preference" for staying those causes of action "does not come into play where the claims asserted are patently

7

frivolous."); *cf. Kelm*, 44 F.3d at 421 (affirming dismissal of "the entire case on [*Younger*] abstention grounds" because the plaintiff "failed to state a viable claim for damages."). Accordingly,

IT IS ORDERED Winn's application for leave to proceed *in forma pauperis* (ECF No. 2) is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint (ECF No. 1) is dismissed. The abuse of process and intentional infliction of emotional distress claims are dismissed **with prejudice**. The remaining causes of action are dismissed **without prejudice**.

IT IS FURTHER ORDERED that Winn may not file an appeal *in forma pauperis* because it would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: September 18, 2024                 s/Robert J. White
      Detroit, Michigan                      Robert J. White
                                                   United States District Judge